Chris J. Passarelli, SBN 241174
cp@dpf-law.com
Brett J. Leininger, SBN 329579
bleininger@dpf-law.com
DICKENSON PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile:  (707) 340-7239

Attorneys for Plaintiff
STEWART CELLARS LLC

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART CELLARS LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **Federal Trademark Infringement** |
| LEGENDS DISTILLERY LTD, | 2. **Federal Unfair Competition and False Designation of Origin;** |
| Defendant. | 3. **Federal False Advertising;** |
| | 4. **Common Law Trademark Infringement;** |
| | 5. **California Unfair Business Practices;** |
| | 6. **California False Advertising; and** |
| | 7. **Refusal of Trademark Application.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Stewart Cellars LLC, ("Stewart Cellars" or "Plaintiff"), for its complaint against Defendant Legends Distillery Ltd. ("Legends Distillery" or "Defendant") alleges as follows:

## NATURE OF ACTION

1.      This is an action for federal trademark infringement, unfair competition (15 U.S.C. § 1125(a)), false advertising, common law trademark infringement, and violations of the California Business Professions Code § 17200, *et seq.* and § 17500, *et seq.*, due to Defendant's willful use of a colorable imitation of Plaintiff's registered SLINGSHOT trademark, as well as other asserted trademarks, and failure to abide by federal and state laws pertaining to the importation, labeling,

marketing, and sale of alcoholic beverages. Plaintiff seeks permanent injunctive relief restraining Defendant's infringement, monetary damages, attorneys' fees, and related relief.

## THE PARTIES

2.      Plaintiff Stewart Cellars LLC is a California limited liability company with its principal place of business located at 6752 Washington Street, Yountville, CA 94599.

3.      Plaintiff Stewart Cellars owns each of the registrations asserted against Defendant in this Complaint, including U.S. Trademark Registration No. 4,462,372.

4.      Upon information and belief, Defendant Legends Distillery Ltd. is an Israeli company with its principal place of business located at Meshek 28, Moshav Zanoach 99888, Israel.

5.      Upon information and belief, Defendant Legends Distillery does not hold any California state or Federal alcoholic beverage licenses for the importation, distribution, or resale of distilled spirits.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of Plaintiff's claims under and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131 and 1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

7.      Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and otherwise expected or should reasonably have expected their acts to have consequences in the State of California and within this judicial district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

9.      Pursuant to Civil Local Rule 3-2(c), this is an intellectual property case, which is to be assigned on a district-wide basis.



## ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff Stewart Cellars is the owner of the trademark SLINGSHOT and of U.S. Trademark Registration No. 4,462,372 for SLINGSHOT, for "wine" in International Class 33 (the "SLINGSHOT Mark"). Plaintiff also owns U.S. Appl. Ser. No. 97/822,729 for SLINGSHOT and App. Ser. No. 97/ 824,695 for SLINGSHOT (and Design), both for "alcoholic beverages, except beer" in Class 33. Plaintiff has used the SLINGSHOT Mark on and in association with wine since at least as early as April 2008, and the SLINGSHOT Mark achieved registration in January 2014, long before the acts of Defendant alleged herein. Exhibit A is a true and correct copy of the registration certificate for the SLINGSHOT Mark.

11. Stewart Cellars is a California-based winery that produces a variety of wines that are sold and shipped in interstate commerce in the United States under the SLINGSHOT Mark, including sauvignon blanc and cabernet sauvignon varietals.

12. Plaintiff's SLINGSHOT wine is sold at big-box and boutique retailers throughout the United States, including at national retailers like Total Wine & More, Wine.com, among numerous others. SLINGSHOT wine is also sold and shipped directly to consumers in most states through Stewart Cellars' Slingshot website, https://www.slingshotwines.com/.

13. Plaintiff's SLINGSHOT wine has been well received by critics, and is a popular budget California cabernet among consumers.  Vintages of the SLINGSHOT cabernet sauvignon have received scores of 87 and 89 points from *Wine Enthusiast*, and SLINGSHOT wines have been reviewed nearly 5,000 times on the popular wine review website Vivino.

14. As a result of Plaintiff's advertising and promotion of the SLINGSHOT wine, the SLINGSHOT Mark is extremely valuable to Plaintiff and to consumers as an indicator of source for Plaintiff's wines.

15. The SLINGSHOT Mark is inherently distinctive for alcoholic beverages, including wine, and, as a result of Plaintiff's long and continuous use of the mark, the SLINGSHOT registration is now incontestable.

16. Upon information and belief, Defendant Legends Distillery was formed in 2019 in Israel and produces whiskey in Zanoach (Zano'ah), Israel. Legends Distillery markets, distributes,

and sells its whiskey under the mark SLINGSHOT through its website, https://www.legendsdistilleryisrael.com/, in the United States, as well as in retail shops in Israel.

17.     Legends Distillery applied to register the mark DAVID'S SLINGSHOT with the U.S. Patent and Trademark Office ("USPTO"), for "whiskey; Bourbon whiskey," App. Ser. No. 97/513,193 (the "Legends Application"), on July 21, 2022, well after Plaintiff had established its rights in the SLINGSHOT Mark in the United States. The LEGENDS Application was submitted on an "intent-to-use" basis.

18.     Upon information and belief, Legends Distillery was aware of Plaintiff's SLINGSHOT Mark and of the SLINGSHOT registration when it submitted the Legends Application.

19.     On December 27, 2022, Plaintiff submitted a Letter of Protest to the USPTO, requesting that the examining attorney consider whether there was a likelihood of confusion between Plaintiff's registered SLINGSHOT Mark and the applied-for DAVID'S SLINGSHOT mark. On January 20, 2023, the Office of the Deputy Commissioner for Trademark Examination Policy filed a Letter of Protest Memorandum, noting a "[p]ossible likelihood of confusion under Trademark Act Section 2(d) with [Plaintiff's registered SLINGSHOT Mark]." The Examining Attorney at the USPTO issued a non-final refusal to the Legends Application on May 17, 2023, on the basis of a likelihood of confusion with the Stewart Cellars' SLINGSHOT Mark.

20.     On January 3, 2023, Plaintiff's counsel sent a demand letter to Michael Steinmetz, Defendant Legends Distillery's attorney of record in the Legends Application, requesting that Defendant Legends Distillery abandon its plans to use the DAVID'S SLINGSHOT mark, or any similar mark, in connection with the importation, distribution, or sale of alcoholic beverages into the United States, and withdraw the Legends Application. Plaintiff has received no response.

21.     However, on February 27, 2023, Stewart Cellars' member, James Stewart, received a private LinkedIn message from Krista Burton, an attorney in Kentucky representing a Mordechai Book, who was purportedly interested in purchasing or licensing the rights to the SLINGSHOT Mark from Stewart Cellars. Upon information and belief, Mr. Book was inquiring about the mark

on behalf of Legends Distillery.[1] After initial discussions between counsel, Ms. Burton ceased communicating with Plaintiff's counsel.

22.    In the meantime, on January 13, 2023, Royal Wine (dba C & R International Distributors) applied to the Alcohol and Tobacco Tax and Trade Bureau ("TTB") for a Certificate of Label Approval ("COLA") for a label bearing the mark DAVID'S SLINGSHOT (TTB ID No. 23025001000492). The applied-for label is divided into three panels: a front, side, and back. On the front panel, SLINGSHOT appears in large font across the top. DAVID'S appears in much smaller font, just above SLINGSHOT. On the side panel, SLINGSHOT appears without DAVID'S, in larger font than the surrounding words, in red, and is bracketed by fingers pointing to SLINGSHOT.



**Figure 1. Label depicted in TTB ID No. 23025001000492**

23.    Upon information and belief, no third party has begun importing, distributing, or selling whiskey bearing the DAVID'S SLINGSHOT mark into the United States.[2]

### *Allegations of Present Infringement*

24.    Alcoholic beverages are primarily distributed for consumption in the United States through a three-tier system: alcoholic beverage producers (such as wineries and distilleries) and importers (Tier I) market and sell alcohol beverages to licensed distributors and wholesalers (Tier

---

[1] Mr. Book appears to be an attorney in New York, NY. His LinkedIn page states that he earned a B.A. in Economics from Yeshiva University in 1992. https://www.linkedin.com/in/mordechai-book-aa551b2/ (Accessed May 20, 2023). Noam Cohen, a Master Distiller and Co-Founder of Legends Distillery, also earned a B.A. in Economics from Yeshiva University in 1992, according to his biography on Legends Distillery's website. https://www.legendsdistilleryisrael.com/about-us. (Accessed May 20, 2023). Yeshiva University's total full-time undergraduate enrollment is around 2,000 students.

[2] Plaintiff reserves the right to amend this Complaint to bring claims against third parties that participate in or facilitate Legends Distillery's infringing and illegal conduct.

DPCF

II) who market, distribute, and sell to licensed retailers (Tier III), who market, distribute, and sell to the ultimate consumer for on- or off-premises consumption.

25.     The production, importation, distribution, and sale of alcoholic beverages in the United States is closely regulated, and in order to engage in those activities, a person must first obtain any and all necessary federal and state licenses. Persons engaged in Tier I and Tier II activities must hold federal and state alcohol beverage licenses, while Tier III retailers must hold a state alcohol beverage retail license.

26.     Title 27 of the Code of Federal Regulations ("CFR") requires, *inter alia*, that every bottle of alcohol entering U.S. commerce from abroad be imported by a licensed importer, that every label comply with strict labeling requirements, and that every label be approved by the TTB prior to its release from customs.

27.     Notwithstanding its asserted *intent* to use the mark **DAVID'S** SLINGSHOT in the United States, Legends Distillery is **currently using the mark SLINGSHOT to market and sell whiskey in the United States**, including in this district, and is illegally directing SLINGSHOT-branded whiskey into the United States without an importer's license or a licensed importer, and without complying with the labeling requirements that protect American consumers from adulterated alcoholic beverages and misleading label practices. True and accurate images of the SLINGSHOT-branded whiskey available in the United States are attached hereto as Exhibit B.[3]

28.     The Legends Distillery website invites American consumers to purchase SLINGSHOT whiskey and have it shipped directly into the United States from Israel. The website lists prices in Israeli New Shekels and in U.S. dollars, only, and has directions specifically aimed at American purchasers, including a note that international customers can make "[p]ayment by American/International Credit Card or PayPal" and a note that "[w]e cannot ship to Michigan due to state import regulations."

29.     Legends Distillery has marketed its SLINGSHOT whiskey in the United States

---

[3] The phrase "SLINGSHOT whiskey," as used in this Complaint, refers to Defendants whiskey as depicted in Exhibit B, using the SLINGSHOT mark, as opposed to the proposed DAVID'S SLINGSHOT mark.

through interviews with media outlets that are based in the United States and have primarily American audiences. Articles discussing the SLINGSHOT whiskey have appeared in, *inter alia*, the Robb Report (headquartered in Los Angeles, CA); The Bourbon Review (Lexington, KY), the St. Louis Jewish Light (St. Louis, MO), the Jewish Standard (River Edge, NJ), and the Detroit Jewish News (Farmington Hills, MI). Legends Distillery references these articles, and provides links to each, in the "Press" section of its website.

30.    Upon information and belief, Legends Distillery had sold and distributed over 20,000 bottles of the SLINGSHOT whiskey within the United States as of July 2022.[4]

31.    On March 3, 2023, Plaintiff's counsel purchased a bottle of Legends Distillery's SLINGSHOT whiskey from Legends Distillery's website, which Legends shipped directly to counsel's office in Napa, CA, within this district.

32.    The front label for the SLINGSHOT whiskey prominently features the mark SLINGSHOT in large font at the top. The front label states that it is a "Kentucky Whiskey," and the word "Israeli" appears in smaller font, on a separate line and in a different color from "Kentucky Whiskey." The side label contains a statement that "we are creating a bourbon-style whiskey like no other." Near the bottom of the side label, "SLINGSHOT" appears in a larger font and is emphasized by fingers pointing at the mark. Just under "SLINGSHOT," the side label states: "Conceived in Kentucky. Born in Israel." The back label is entirely in Hebrew. The second line of the back label translates to "Whiskey in the style of American bourbon." It also lists (in Hebrew) the name and address of Legends Distillery as the "manufacturer." It features the following language (in Hebrew): "WARNING: excessive alcohol consumption is life-threatening and affects health."

33.    The SLINGSHOT whiskey label contains numerous violations of federal regulations for the labeling of distilled alcoholic beverages sold in the United States, including the following:

- It does **not** list an importer or contain an "Imported by" statement, as required for all distilled spirits imported into the United States. 27 C.F.R. §§ 5.63(b)(1) & 5.68(b).

---

[4] Seth Thompson, *Israeli Distillery Underdog is Making "Kentucky Whiskey" in a Very Famous Location*, THE BOURBON REVIEW (July 29, 2022) https://www.gobourbon.com/israeli-distillery-underdog-is-making-kentucky-whiskey-in-a-very-famous-location/.

- It does **not** contain the required government warning. 27 U.S.C. § 215; *see also* 27 C.F.R. §§ 16.20 & 16.21.

- Upon information and belief, the SLINGSHOT whiskey is aged less than four years.[5] The SLINGSHOT whiskey label does **not** contain an age statement or a percentage of types of whiskey statement, and does not purport to be "bottled in bond." 27 C.F.R. § 5.74.

- Any verbiage on the back label which might otherwise provide mandatory label information required by Title 27 of the Code of Federal Regulations is not in English. 27 C.F.R. § 5.55.

34.    Upon information and belief, neither Legends Distillery nor any licensed importer has obtained a COLA, or an exemption from COLA requirements, for the SLINGSHOT whiskey label.[6] 27 CFR §§ 5.3 & 5.24.

35.    Upon information and belief, Legends Distillery has caused the illegal SLINGSHOT whiskey to be shipped directly to consumers in the United States and California, without obtaining the necessary federal and state licenses to import, distribute and sell alcoholic beverages in California or the United States.

36.    Upon information and belief, Legends Distillery has caused the SLINGSHOT whiskey to be imported into the United States and California and delivered to American consumers without the direct involvement of a duly licensed importer, distributor, or retailer.

37.    Legends Distillery's SLINGSHOT whiskey label and marketing materials on its website state that Legends' product is a "Kentucky Whiskey." Legends Distillery's website and label also state that the whiskey is a "Bourbon Style Whiskey," or otherwise describe the whiskey using the term "bourbon." Upon information and belief, the SLINGSHOT whiskey is produced, aged, and bottled in Israel, from grains grown in Israel, and, therefore, cannot be marketed or labeled

---

[5] Jonah Flicker, *Why This Israeli Distillery is Boldly Calling Its Newest Spirit 'Kentucky Whiskey,'* ROBB REPORT (July 28, 2022), https://robbreport.com/food-drink/spirits/israel-distillery-slingshot-kentucky-whiskey-1234731844/ ("aged between two and two and a half years")

[6] The COLA TTB No. 23025001000492, for DAVID'S SLINGSHOT, does not cover the SLINGSHOT label that has been sold in the U.S. to date.

as "Kentucky Whiskey" or described using the term "bourbon." 27 C.F.R. §§ 5.143 & 5.154.

38.    Upon information and belief, Legends Distillery does not have, and never has had, a bona fide intent to distill and age whiskey in the United States, or to market and sell whiskey distilled and aged in the United States under the DAVID'S SLINGSHOT mark.

39.    Upon information and belief, Legends Distillery has known that its whiskey does not meet the legal definitions for "bourbon" or for "Kentucky whiskey" since at least as early as July 2022, but has continued marketing, importing, and selling its SLINGSHOT whiskey as a "bourbon-style" and "Kentucky" whisky within the United States.

40.    In a July 28, 2022, article for *Robb Report* Legends Distillery's co-founder Noam Cohen was quoted as saying, "We're not allowed to call ourselves bourbon . . . We're not made in the US and we age our spirit in used Cabernet barrels from local kosher wineries." [7] He went on: "Obviously, you can't say bourbon . . . [but] we introduce ourselves as Israel's first bourbon . . . . [Y]ou won't find the word bourbon anywhere on our label . . . . We decided the best way to [market it] is to call it Kentucky whiskey."[8] The article noted that "Kentucky whiskey" is also a defined term under Kentucky law, and that the SLINGSHOT whiskey did not meet that definition. The article noted that "American whiskey fans are very protective of their category, and appreciate the strict definition that keeps bourbon in particular from being adulterated . . . . So it's not far fetched to assume that whiskey Twitter will have a field day with this." In response, Cohen noted that there is no bad publicity and stated, "I'm not interested in spending time trying to figure out the minutia of every little detail of the law." The article is listed and linked in the "Press" section of Legends Distillery's website.

41.    Defendant's adoption and/or use of the SLINGSHOT and DAVID'S SLINGSHOT marks in commerce was subsequent to Plaintiff's adoption, use, and registration of the SLINGSHOT Mark.

42.    Defendant Legends Distillery's SLINGSHOT and DAVID'S SLINGSHOT marks

---

[7] Flicker, *supra*, note 4.

[8] "Bourbon" appears twice on the label for the SLINGSHOT whiskey shipped directly to consumers in the United States.

are confusingly similar in appearance, sound, meaning, connotation, and overall commercial impression to Plaintiff's SLINGSHOT Mark. Legend Distillery's SLINGSHOT and Plaintiff's SLINGSHOT are identical word marks. Both labels depict a similar slingshot design, with a simple forked base and slack bands trailing off to the right.

43. The addition of "DAVID'S" in Legend Distillery's proposed mark, as depicted in the Legends Application, does not obviate confusion. In the applied-for word mark DAVID'S SLINGSHOT, "SLINGSHOT" is the primary subject and dominant element of the mark, shaping consumers' perceptions of the mark. The word "DAVID'S" serves only to modify "SLINGSHOT." Accordingly, consumers are likely to be confused by Legends Distillery's use of DAVID'S SLINGSHOT, in any form.

44. The likelihood of confusion is more pronounced on Legends Distillery's TTB-approved labels (see Fig. 1, *supra*), on which "DAVID'S" appears in much smaller font than "SLINGSHOT" on the front label and "SLINGSHOT" appears without "DAVID'S" on the side label. Moreover, the back label displays Legends Distillery's website URL, www.legendsdistilleryisrael.com, which advertises only "SLINGSHOT" whiskey.

45. Legends Distillery uses the SLINGSHOT mark in connection with goods that are related to Plaintiff's wines. Wine and whiskey are often advertised, marketed, and sold together or through the same channels of commerce.

46. Defendant's use of the SLINGSHOT and DAVID'S SLINGSHOT marks is likely to confuse consumers into believing that Defendant Legends Distillery's SLINGSHOT whiskey is affiliated with, associated with, connected to, or sponsored by Plaintiff and its SLINGSHOT wine (or vice versa), and Defendant will unjustly benefit from such association.

47. Plaintiff will be further harmed as consumers will purchase the SLINGSHOT and DAVID'S SLINGSHOT whiskey believing it to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of SLINGSHOT wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

48. Defendant's use of the SLINGSHOT mark will also diminish the value of Plaintiff's SLINGSHOT Mark and endanger the ability of Plaintiff's SLINGSHOT Marks to serve as unique

and distinctive source indicators for Plaintiff and Plaintiff's goods.

49.    Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using the SLINGSHOT and DAVID'S SLINGSHOT marks, wherefore Plaintiff is without adequate remedy at law.

50.    Upon information and belief, Defendant adopted and began using the SLINGSHOT mark with knowledge of Plaintiff's rights, and/or subsequently received notice of Plaintiff's registered trademarks through Plaintiff's demand letter and subsequent emails, but, nevertheless, continued using the SLINGSHOT mark in the United States in disregard of Plaintiff's rights. Upon information and belief, Defendant intends to add "DAVID'S" to its SLINGSHOT mark simply for purposes of nominal differentiation, because Defendant knows that its existing SLINGSHOT Bourbon mark infringes Plaintiff's SLINGSHOT Mark. Accordingly, Defendant's use of the SLINGSHOT mark was at all times herein willful and knowing.

51.    Upon information and belief, Defendant continued using "Kentucky whiskey" and "bourbon" descriptors for its whiskey with knowledge of the falsity or misleading nature of such descriptors. Accordingly, such false advertising was willful and knowing.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

52.    Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

53.    Defendant's actions constitute use in commerce of a mark confusingly similar to Plaintiff's SLINGSHOT Mark and, particularly, the registered SLINGSHOT Mark, Reg. No. 4,462,372, without Plaintiff's consent, in connection with the importation, sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

54.    In particular, Defendant Legends Distillery's use of a SLINGSHOT mark in connection with the importation, distribution, marketing and sale of alcoholic beverage products infringes on Plaintiff's trademark rights.

55.     Despite knowledge of Plaintiff's superior right, priority, and continued use of the SLINGSHOT Marks, Defendant nevertheless continues to produce, supply, promote, distribute, offer for sale, and sell whiskey using the SLINGSHOT mark in U.S. commerce and within the State of California.

56.     Defendant's conduct constitutes trademark infringement of registered trademarks in violation of 15 U.S.C. § 1114.

57.     Consumers are likely to be confused and misled to believe that Defendant's SLINGSHOT whiskey is affiliated with, associated with, connected to, or sponsored by Plaintiff or its SLINGSHOT wine, or alternatively, that Plaintiff's SLINGSHOT wine is affiliated with, associated with, connected to, or sponsored by Defendant or the SLINGSHOT whiskey. Plaintiff is and will continue to be harmed by such likelihood of confusion or reverse confusion, and Defendant has and will continue to unjustly benefit from any such confusion or reverse confusion among consumers.

58.     Upon information and belief, Defendant's use of the SLINGSHOT mark has unjustly increased the profitability of Defendant Legends Distillery's SLINGSHOT brand to the detriment of Plaintiff and at no cost to Legends Distillery.

59.     Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendant Legends Distillery's SLINGSHOT whiskey, believing it to be related to Plaintiff's wine and thereby forego purchase of the Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

60.     Defendant's continued infringing use of the confusingly similar SLINGSHOT mark has and will continue to harm Plaintiff financially by diminishing the value of Plaintiff's SLINGSHOT Mark and endangering the ability of Plaintiff's SLINGSHOT Mark to serve as unique and distinctive source indicators for Plaintiff and/or Plaintiff's goods.

61.     This case is an exceptional case entitling Plaintiff to treble damages and attorney's fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

\\

\\

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A))**

62.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

63.     Defendant's use of the SLINGSHOT mark constitutes unfair competition through the use in commerce of a word, name or device, or false designation of origin, that is likely to cause confusion or mistake or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the goods offered in connection therewith.

64.     Defendant's above-alleged actions constitute unlawful competition in violation of 15 U.S.C. 1125(a).

65.     Defendant knew of Plaintiff's rights prior to its use of the SLING SHOT mark, and Defendant's unfair competition was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

66.     Plaintiff has been, and will continue to be, damaged by such unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms. Defendant's actions have damaged, and will continue to damage, Plaintiff's rights, reputation and goodwill and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

67.     As a result of Defendant's infringement, Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**(Federal False Advertising under 15 U.S.C. § 1125(a)(1)(B))**

68.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

69.     Defendant's use of the terms "Kentucky Whiskey," "Bourbon Style Whiskey," and

similar phrases (including the word "בורבון," Hebrew for "bourbon") on labels and marketing materials in connection with the advertising and promotion of SLINGSHOT whiskey in the United States, including on Legends Distillery's website, constitutes use of false or misleading descriptions and/or representations of fact in commercial advertising. These terms misrepresent that Defendant's SLINGSHOT whiskey originates from or is produced in the United States and otherwise meets the legal requirements for these whiskey types.

70.     Defendant Legends Distillery has known that its whiskey does not meet the legal requirements for "bourbon" and "Kentucky Whiskey" since at least as early as July 2022.

71.     Plaintiff has been or is likely to be damaged by Defendant's false advertising of the SLINGSHOT whiskey. As alleged above, due to Defendant's use of a confusingly similar mark, consumers are likely to be confused or misled as to affiliation, connection, or sponsorship of Defendant's SLINGSHOT whiskey, believing it to be associated with Plaintiff, or believing Plaintiff's SLINGSHOT wine to be affiliated with Defendant. Accordingly, consumers, critics, and industry professionals are likely to impute Defendant's false advertising to Plaintiff and/or associate Plaintiff's SLINGSHOT wine with Defendant's false advertising. Plaintiff has or will thereby suffer reputational harm due to Defendant's false advertising.

72.     Defendant has known since at least as early as July 2022 that the SLINGSHOT whiskey could not be described as "bourbon" and that no aspect of the whiskey was produced in Kentucky, and that the use of these terms was likely misleading.

73.     As a result of Defendant's false advertising, Plaintiffs have incurred damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

74.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

75.     Defendant's above-averred actions, including the use of the SLINGSHOT mark in connection with whiskey, constitute trademark infringement, trade name infringement, passing off,

false designation of origin and unfair competition in violation of the common law of California and the United States of America.

76.     Plaintiff has no adequate remedy at law for Defendant's above-stated wrongful acts and thus is entitled to injunctive relief.

## FIFTH CAUSE OF ACTION

### (Unfair Business Practices—Cal. Bus. & Prof. Code. § 17200)

77.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

78.     Defendant's use of the SLINGSHOT mark on alcohol products and advertising violates the Lanham Act, §§ 1114 & 1125(a). Plaintiff is a direct competitor of Defendant, and Defendant's violations of law have injured Plaintiff, and are likely to continue injuring Plaintiff. Accordingly, Defendant's use of the SLINGSHOT mark in connection with whiskey is also an unlawful business practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

79.     Defendant's numerous violations of federal alcoholic beverage importing and labeling regulations, as detailed above, are also unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

80.     As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has been injured and Defendant has unfairly benefitted. Unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## SIXTH CAUSE OF ACTION

### (False or Misleading Advertising—Cal. Bus. & Prof. Code. § 17500, *et seq.*)

81.     Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

82.     Defendant's above-averred actions, including the use of the terms "bourbon" and "Kentucky whiskey" in connection with the marketing and promotion of its whiskey, with knowledge that such terms are untrue or misleading, constitute the making or dissemination of a

false or misleading commercial statement to the public in violation of Bus. & Prof. Code § 17500, *et seq.*

83. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has been injured and Defendant has unfairly benefitted. Unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## SEVENTH CAUSE OF ACTION

### (Refusal of U.S. TM Appl. Ser. No. 97/513,193—15 U.S.C. § 1119

84. Plaintiff incorporates the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

85. Plaintiff contends that Defendant's DAVID'S SLINGSHOT mark, subject of U.S. TM Application Ser. No. 97/513,193, is confusingly similar to its registered SLINGSHOT Mark, as the dominant element of each mark is "SLINGSHOT," and each is used in connection with alcoholic beverages.

86. Upon information and belief, Defendant submitted the Legends Application with knowledge of Plaintiff's use and registration of the SLINGSHOT Mark and appended DAVID'S to its SLINGSHOT mark to nominally distinguish it from Plaintiff's mark, only to achieve registration.

87. Plaintiff contends that its use of the SLINGSHOT Mark in interstate commerce prior to the application date of Legends Application acts as a bar to federal registration of the DAVID'S SLINGSHOT mark and the Legends Application.

88. There is a close nexus between Defendant's DAVID'S SLINGSHOT mark, depicted in the Legends Application, and Plaintiff's registered SLINGSHOT Mark. The USPTO has refused the Legends Application on the basis of the registered SLINGSHOT Mark, and as alleged herein, the DAVID'S SLINGSHOT mark is confusingly similar to Plaintiff's registered SLINGSHOT Mark.

89. Wherefore, Plaintiff seeks an Order of this Court to finally determine Defendant's lack of any right to registration of the DAVID'S SLINGSHOT mark subject of U.S. TM Application Ser. No. 97/513,193, such Order to be certified by this Court to the Director of Trademarks of the

U.S. Patent and Trademark Office ("USPTO"), which shall make appropriate entry of refusal to register the same upon the records of the USPTO, which shall be controlled thereby, pursuant to 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, importers, producers, any related, parent and subsidiary company, attorneys and representatives and all those in privity with or acting under its direction and/or pursuant to its control, be enjoined and restrained from directly or indirectly:

(a) Using the SLINGSHOT Mark, or any confusingly similar mark, in connection with the advertisement, promotion, distribution, importation, offering for sale, or sale of alcohol beverage products, or products or services related to alcohol beverage products;

(b) Performing any acts or using any trademarks, names, words, images, or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same, or are in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant's goods originate with Plaintiff, or that Defendant is a sponsor of Plaintiff, or that Plaintiff's goods originate with Defendant, or any other acts which are likely to lead the trade or public to associate Defendant with Plaintiff, or Plaintiff with Defendant;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, importers, producers, any related, parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the SLINGSHOT mark, together with all artwork, plates, molds, matrices, and other means and materials for making

and reproducing the same;

4.      That Defendant be ordered to recall all infringing products bearing the SLINGSHOT mark in the marketplace from retailers;

5.      That Defendant be ordered to abandon the Legends Application, or that the USPTO be instructed to refuse the Legends Application;

6.      That Defendant be ordered to account for and disgorge its wrongful profits or otherwise pay to Plaintiff monetary damages for the harm resulting from Defendant's unlawful acts, including compensation for Defendant's unauthorized use of Plaintiff's SLINGSHOT Mark, in an amount to be determined at trial;

7.      That Plaintiff's damages award be trebled and that Defendant be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

8.      That Plaintiff be awarded punitive damages as a result of Defendant's conduct;

9.      That Defendant be ordered to pay Plaintiff the amount by which Defendant has been unjustly enriched, which amount is presently unknown and shall be determined at trial; and

10.     That Plaintiff be granted such other and further relief as this Court shall deem just and equitable.

Dated: June 26, 2023

Respectfully submitted,

**DICKENSON, PEATMAN & FOGARTY**

By _____
        Christopher J. Passarelli
        Brett J. Leininger
        1500 First Street, Ste. 200
        Napa, California  94559
        Telephone: 707-252-7122
        Facsimile: 707-340-7239

        Attorneys for Plaintiff,
        Stewart Cellars LLC

1

<u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby requests a trial by jury in this matter.

3

Dated: June 26, 2023

4

5

Respectfully submitted,
DICKENSON, PEATMAN & FOGARTY

6

7

By _____
Christopher J. Passarelli

8

9

1500 First Street, Ste. 200
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-340-7239

10

11

Attorneys for Plaintiff,
Stewart Cellars LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# United States of America
### United States Patent and Trademark Office

# SLINGSHOT

**Reg. No. 4,462,372**

**Registered Jan. 7, 2014**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

STEWART CELLARS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY), DBA
   SLINGSHOT WINES
P.O. BOX 68
RUTHERFORD, CA 94573

FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 4-0-2008; IN COMMERCE 4-0-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-941,232, FILED 5-23-2013.

NORA BUCHANAN WILL, EXAMINING ATTORNEY



*Deborah S. Cohn*

Commissioner for Trademarks of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

# EXHIBIT B





> **HERE**
NESTLED IN THE HILLS OF
THE ELLA VALLEY, WHERE
DAVID SLEW GOLIATH, WE
ARE CREATING A BOURBON-
STYLE WHISKEY LIKE NO
OTHER.
OUR RECIPE, SOURCED
FROM LOCAL GRAINS,
EXPERTLY HANDCRAFTED
AND PAINSTAKINGLY AGED
TO PERFECTION, DELIVERS
A WHISKEY EXPERIENCE
YOU'LL REMEMBER LONG
AFTER YOU PUT DOWN
YOUR GLASS.

> **SLINGSHOT**
CONCEIVED IN KENTUCKY.
BORN IN ISRAEL.

